IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VAUGHN MOORE,<br>    Plaintiff | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 21-CV-5230<br>: |
| CHESTER COUNTY COURTS, *et al.*,<br>    Defendants | :<br>: |

## MEMORANDUM

**PRATTER, J.**                                                              MARCH 10th, 2022

Vaughn Moore, a prisoner currently incarcerated at the George W. Hill Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Mr. Moore seeks leave to proceed *in forma pauperis*. For the following reasons, Mr. Moore will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

## I.    FACTUAL ALLEGATIONS

In his letter Complaint,[1] Mr. Moore asserts that he is filing "a 1983 Federal Civil Complaint" against the "Chester County Courts" for violating his "Contstitutional [sic] Rights,

---

[1] On November 22, 2021, the Clerk of Court docketed a one-page handwritten letter from Mr. Moore. (ECF No. 1.) The Clerk of Court treated this letter as a federal civil rights Complaint brought pursuant to 42 U.S.C. § 1983 and opened a civil action under Federal Rule of Civil Procedure 5(d)(4). By Order dated December 14, 2021, the Court advised Mr. Moore, *inter alia*, that his letter Complaint did not meet the requirements of the Federal Rules of Civil Procedure and the applicable federal civil rights statutes. (ECF No. 3.) Mr. Moore was provided thirty (30) days in which to file an amended complaint to state the basis for his claims against each defendant. (*Id.*) Mr. Moore was also provided with a blank copy of the Court's form complaint to assist him with the filing of an amended complaint. (*Id.*) Following the entry of the Court's Order, Mr. Moore filed a Motion for Leave to Proceed *In Forma Pauperis* with an accompanying prisoner account statement (ECF Nos. 4-5), but chose not to file an amended complaint. Noted below, because the Court grants Mr. Moore leave to proceed *in forma pauperis*, his letter Complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2)(B).

Civil Rights Appellant Rights, [and] P.C.R.A. Rights." (Compl. at 1.)[2] Mr. Moore avers that he was "injured" when his "P.C.R.A. petition was ignored for 18 years." (Id.) He asserts that his injuries have occurred in the form of: "Pain & Suffering, cruel & Unusual punishment, Illegal Incarceration, False Impisonment [sic], Slander and Mental Anguish." (Id.) Mr. Moore also claims that the "State parole Board" and "Judge Stritell" punished him while he "was still in the guilt" phase. (Id.) Mr. Moore further avers that the Pennsylvania Supreme Court "states" that he "cannot be punished if [he has] an appeal pending." (Id.)

On June 6, 1996, Mr. Moore was convicted of the following charges: robbery, criminal conspiracy, possessing an instrument of crime, prohibited offensive weapons, and false imprisonment for his participation in an armed robbery. *See Commonwealth v. Moore*, No. 2692 EDA 2019, 2020 WL 3865568, at *1 (Pa. Super. Ct. 2020); *Commonwealth v. Moore*, CP-15-CR-0003807-1995 (C.P. Chester).[3] On July 22, 1996, Mr. Moore was sentenced to an aggregate term of nine to eighteen years imprisonment to be followed by twelve years of probation. (Id.)

In December 2018, after Mr. Moore had been released from his custodial sentence, a bench warrant was issued for a violation of the terms of his probationary sentence. (Id.) The Honorable Phyllis R. Streitel[4] held a violation of probation hearing on February 11, 2019 and found that Mr. Moore had violated the terms of his supervision. (Id.) Judge Streitel imposed a

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] The Court takes judicial notice of the public dockets related to Mr. Moore's conviction. *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding that courts may consider matters of public record).

[4] Although the Defendant is listed as "Judge Stritell" in the letter Complaint, it appears that Mr. Moore has misspelled "Judge Streitel" who is listed as a senior judge for the Chester County Court of Common Pleas. *See* https://www.chesco.org/600/Honorable-Phyllis-R-Streitel---Senior-Ju (last visited March 9, 2022).

sentence consisting of imprisonment and probation, and Mr. Moore was subsequently paroled on March 12, 2019. (*Id.*) Another bench warrant was issued on June 14, 2019, and a Gagnon II revocation hearing was held before Judge Streitel on August 13, 2019. (*Id.*) Mr. Moore admitted he was in technical violation of the terms of his supervision, and Judge Streitel revoked both his parole and probation, sentenced Mr. Moore to back time, and reinstated Mr. Moore's probationary sentences. (*Id.*) Mr. Moore appealed, and his judgment of sentence was affirmed on July 8, 2020. *Moore*, 2020 WL 3865568, at *5.

## II. STANDARD OF REVIEW

The Court will grant Mr. Moore leave to proceed *in forma pauperis* because it appears he is not capable of prepaying the fees to commence this action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

---

[5] However, Mr. Moore is a prisoner, and he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations and naked assertions will not suffice. *Iqbal*, 556 U.S. at 678. Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

### III. DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, that provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A. Claim Against the Chester County Courts

Mr. Moore cannot maintain his federal constitutional claim against the Chester County Courts, and his claim must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W.*

*v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Chester County Court of Common Pleas, as part of Pennsylvania's unified judicial system, shares in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). There is no indication Pennsylvania has waived its Eleventh Amendment immunity. Mr. Moore's claim against the Chester County Courts is barred by the Eleventh Amendment.

### B. Claim Against the State Parole Board

Mr. Moore's claim against the (Pennsylvania) State Parole Board fails because the Board is also immune from suit under the Eleventh Amendment. *See Fenton v. Pennsylvania Dep't of Corr.*, No. 18-5484, 2019 WL 398929, at *4 (E.D. Pa. Jan. 31, 2019) (citing *Spuck v. Pa. Bd. of Prob. and Parole*, 563 F. App'x 156, 158 (3d Cir. 2014) (*per curiam*) ("As the District Court correctly determined, the Eleventh Amendment affords the [Pennsylvania Board of Probation and Parole] protection from suit in an action brought pursuant to 42 U.S.C. § 1983." (citing *Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986))). Moreover, as a state agency, the State Parole Board is not a "person" against whom a civil rights action may be brought under Section 1983. *Fenton*, 2019 WL 398929, at *4 (citing *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Accordingly, Mr. Moore's claim against the State Parole Board must be dismissed.

### C. Claims Against Judge Streitel

Mr. Moore's claims against Judge Streitel fail because Judge Streitel is entitled to judicial immunity. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Martinez v. Eagle Disposal*, 783 F. App'x 206, 211 (3d Cir. 2019) (*per curiam*) (affirming dismissal of

5

federal judicial defendant on the basis of absolute judicial immunity). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because Mr. Moore's claims against Judge Streitel are based on acts she took in her judicial capacity while presiding over the probation violation hearings in which Mr. Moore was a defendant, Judge Stritell is entitled to absolute immunity from those claims. Accordingly, Mr. Moore's claims against Judge Streitel will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Moore will not be given leave to amend because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.